# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mustapha Sheriff, | Case No. 20-CV-1816 (SRN/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sofia Hersi, Charity of Life; Mustapha Isaac; Unknown Name; Millennium Hotel; Target; Nic 1500; Steven Community Apartment; and Mustapha Isaac, Security Company One, | |
| Defendants. | |

Plaintiff Mustapha Sheriff did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (*See* Dkt. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Sheriff qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not

be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint filed in this matter is extraordinarily difficult to parse. It appears that Sheriff believes that several persons and entities have defrauded him, and he seeks both monetary relief in compensation for that fraud and criminal prosecution of the defendants. The various episodes of fraud alleged in the Complaint do not seem to be related, and thus it is doubtful that the defendants have been properly joined pursuant to Rule 20 of the Federal Rules of Civil Procedure. In addition, none of the individual episodes of fraud are pleading with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

This Court recommends dismissal of this action on a different basis, though: the Court lacks jurisdiction over the Complaint. Sheriff has not pleaded "short and plain statement of the grounds for the court's jurisdiction" in violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure, and no grounds for jurisdiction are apparent from the pleading. By all indications, Sheriff is seeking to proceed on causes of action related to fraud. But such causes of action are generally governed by state law, not federal law; at a minimum, Sheriff has not identified a specific federal cause of action pursuant to which

he is looking to proceed.  Accordingly, 28 U.S.C. § 1331 cannot provide a statutory basis for the Court's jurisdiction.[1]  Moreover, Sheriff has not pleaded the state of citizenship for himself or several of the defendants, and thus 28 U.S.C. § 1332(a) cannot provide a statutory basis for jurisdiction, either.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Accordingly, this Court now recommends, in accordance with Rule 12(h)(3), that this matter be dismissed without prejudice for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Mustapha Sheriff (Dkt. 2) be DENIED AS MOOT.

3. Sheriff's motion to call witnesses (Dkt. 4) be DENIED AS MOOT.

Dated: September 24, 2020

*s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

[1] To the extent that Sheriff seeks criminal prosecution of the defendants, the federal criminal statutes do not generally provide a private right of action.  *See, e.g.*, *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003).

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).