# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mustapha Sheriff,<br><br>            Plaintiff,<br><br>v.<br><br>Sofia Hersi, Charity of Life; Mustapha Isaac; Unknown Name; Millennium Hotel; Target; Nic 1500; Steven Community Apartment; and Mustapha Isaac, Security Company One,<br><br>            Defendants. | Case No. 20-cv-1816-SRN-ECW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Mustapha Sheriff, 1915 Clinton Ave. S., Ste. 211, Minneapolis, MN 55405, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Mustapha Sheriff's Objections [Doc. No. 7][1] to the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright, dated September 24, 2020 [Doc. No. 6]. In the R&R, Magistrate Judge Wright recommended that: (1) Plaintiff's claims be dismissed without prejudice for lack of jurisdiction; (2) his application to proceed in forma pauperis ("IFP application") [Doc. No. 2] be denied as moot; and (3) his motion to call witnesses [Doc. No. 4] be denied as moot. (R&R at 3.)

---

[1] In addition to his Objections, Mr. Sheriff submitted a letter, docketed on October 15, 2020 [Doc. No. 8], that the Court also considers in connection with this Objections.

For the reasons set forth below, the Court adopts the R&R, overrules Sheriff's Objections, and denies his application and motion as moot.

## I. BACKGROUND

Plaintiff Mustapha Sheriff, who is self-represented, filed a Complaint [Doc. No. 1] on August 20, 2020, against several defendants, in which he appears to allege claims of fraud and theft. Along with his Complaint, Mr. Sheriff filed an IFP application. Magistrate Judge Wright found that although Mr. Sheriff qualified financially for IFP status, she reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) to determine if Mr. Sheriff's pleading stated a claim on which relief may be granted. (R&R at 1–2.) She also reviewed the Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3) to determine whether the Court has subject-matter jurisdiction. (*Id.* at 2–3.)

Magistrate Judge Wright found that Mr. Sheriff fails to plead a "short and plain statement of the grounds for the court's jurisdiction" in violation of Federal Rule of Civil Procedure 8(a)(2), and "no grounds for jurisdiction are apparent from the pleading." (*Id.* at 2–3.) Construing Mr. Sheriff's pleading to allege claims related to fraud, Magistrate Judge Wright further observed that such causes of action are generally governed by state law, not federal law. (*Id.* at 2.) She found that Mr. Sheriff fails to identify a federal cause of action to support his allegations. (*Id.*) In addition, Magistrate Judge Wright noted that because Mr. Sheriff does not identify the state of his citizenship or the state of citizenship for several of the defendants, there is no statutory basis for diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.* at 3.) Finding that the Court lacks subject-matter jurisdiction, the

magistrate judge recommended that this matter be dismissed without prejudice.[2] (*Id.*) In light of Magistrate Judge Wright's recommendation for dismissal without prejudice, she also recommended the denial of Mr. Sheriff's IFP application and his motion to call witnesses.

## II. DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive matters to which specific objections have been made. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). In his Objections, Mr. Sheriff reasserts his allegations of fraud and theft, does not address the question of the Court's subject-matter jurisdiction. (Objs. at 1–2; Oct. 15, 2020 Letter at 1.)

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Complaint fails to allege a statutory basis for jurisdiction under 28 U.S.C. § 1331, nor can the Court determine any such basis for jurisdiction from the pleadings. In addition, because the Complaint fails to allege the state of citizenship for Mr. Sheriff and several of the defendants, 28 U.S.C. § 1332(a) does not provide a statutory basis for jurisdiction. Accordingly, the Complaint is dismissed without prejudice.

---

[2]   Magistrate Judge Wright also found the Complaint deficient under Federal Rule of Civil Procedure 20, as it alleges various episodes of fraud that appear to be unrelated and improperly joined. (R&R at 2.) In addition, she found that Mr. Sheriff's fraud allegations fail to comply with Federal Rule of Civil Procedure 9(b), which requires allegations of fraud to be stated with particularity. (*Id.*) The Court agrees with both of these findings.

3

Because the Court lacks subject-matter jurisdiction over Mr. Sheriff's claims, his IFP application and motion to call witnesses are denied as moot.

Accordingly, the Court adopts the R&R, and overrules Plaintiff's Objections.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report & Recommendation dated September 24, 2020 [Doc. No. 6] is **ADOPTED**;

2. Plaintiff's Objections [Doc. No. 7] are **OVERRULED**;

3. The Complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction;

4. Plaintiff's Application to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED AS MOOT**; and

5. Plaintiff's Motion to Call Witnesses [Doc. No. 4] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  November 12, 2020            s/Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge